NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 2 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MAUNG HAY MAN NYEE NYEE, Petitioner, v. LORETTA E. LYNCH, Attorney General, Respondent. | No. 14-70101 Agency No. A089-318-654 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 26, 2016**

Before:     McKEOWN, WARDLAW, and PAEZ, Circuit Judges.

Maung Hay Man Nyee Nyee's motion to proceed without filing a reply brief

is granted.

Hay Man Nyee Nyee, a native and citizen of Burma, petitions pro se for

review of the Board of Immigration Appeals' order affirming an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

---

*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**     The panel unanimously concludes this case is suitable for decision
without oral argument.   See Fed. R. App. P. 34(a)(2).

and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and review de novo questions of law, *Romero-Mendoza v. Holder*, 665 F.3d 1105, 1107 (9th Cir. 2011). We deny the petition for review.

Substantial evidence supports the agency's determination that Hay Man Nyee Nyee failed to establish past persecution or a well-founded fear of future persecution in light of his return trips to Burma for which he did not provide compelling reasons. *See Kumar v. Gonzales*, 439 F.3d 520, 524 (9th Cir. 2006); *Loho v. Mukasey*, 531 F.3d 1016, 1017-18 (9th Cir. 2008) ("It is well established in this court that an alien's history of willingly returning to his or her home country militates against a finding of past persecution or a well-founded fear of future persecution."). We reject his contentions that the agency failed to consider evidence, or that the IJ improperly relied on this court's decision in *Loho v. Mukasey*.

Because Hay Man Nyee Nyee failed to establish eligibility for asylum, his withholding of removal claim necessarily fails. *See Kumar*, 439 F.3d at 525.

Finally, substantial evidence supports the agency's denial of Hay Man Nyee Nyee's CAT claim. *See Silaya*, 524 F.3d at 1073.

**PETITION FOR REVIEW DENIED.**